Filing # 228495240 E-Filed 07/31/2025 04:37:59 PM

IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

MARIA ALVAREZ,

      Plaintiff,

vs.                                      Case No.:

M/I HOMES OF ORLANDO, LLC,

      Defendant

_____/

## COMPLAINT

Plaintiff, MARIA ALVAREZ, ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, M/I HOMES OF ORLANDO, LLC, hereinafter ("Defendant") and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Five Hundred Thousand Dollars ($500,000.00), exclusive of attorneys' fees, interest, and costs; and therefore, this action is within the jurisdiction of this Court. This action is brought by the Plaintiff for declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statute Section 760, et seq. (FCRA") and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of race, national origin, disability, failure to accommodate, a hostile work environment, and retaliation.

2. Defendant is a Florida Limited Liability Company authorized to conduct business in Orange County, Florida, where Plaintiff worked for Defendant.

3. This Court has jurisdiction over Plaintiff's claims pursuant to the FCRA.

4. Plaintiff was employed by Defendant, having a place of business in Orange County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Orange County, Florida because all of the actions that form the basis of this Complaint occurred within Orange County, Florida and payment was due in Orange County, Florida.

6. Defendant was a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq. since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla Stat. Section 760, et seq. and it is subject to the employment discrimination provisions of the applicable statutes.

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

9. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination and the Plaintiff has requested or otherwise obtained the Notice and Right to Sue. Plaintiff is now timely filing suit.

10. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

11. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff was employed by Defendant, M/I Homes of Orlando, LLC, on or about October 26, 2015, as a Home Consultant.

13. Plaintiff is a Black Cuban woman.

14. During her employment, Plaintiff was subjected to discriminatory and retaliatory treatment on the basis of her race, national origin, and disability/perceived disability.

15. Plaintiff was informed by a white colleague that her supervisor, Teresa, had previously terminated two other Cuban employees and that Plaintiff "would be next."

16. Plaintiff successfully generated over $300,000.00 in revenue for Defendant. These funds were part of Plaintiff's sales pipeline and commissions owed to her.

17. Plaintiff was overworked and repeatedly requested reasonable accommodations for her disability from Mr. Kaiser, a white American supervisor. Her requests were denied.

18. As a result of the excessive workload and her disability, Plaintiff developed medical conditions including plantar fasciitis, arthritis, and sciatic nerve damage, ultimately resulting in two stress fractures on her L5 disc (bilateral pars defect).

19. Plaintiff was hospitalized due to her condition and was initially approved for FMLA leave.

20. While on approved FMLA leave, Plaintiff was terminated by Defendant on or about February 21, 2024.

21. Plaintiff's termination was carried out by Human Resources representative Alexandra Thompson.

22. Plaintiff was denied Workers' Compensation and medical treatment despite the injury being work-related.

23. Upon information and belief, Plaintiff's $300,000.00 sales pipeline was transferred to a white colleague who had previously made threatening statements about Plaintiff's job security.

24. Plaintiff has not received any of the commissions or wages she earned prior to her termination.

25. Plaintiff believes she was terminated because of her race (Black), national origin (Cuban), her disability and/or perceived disability, and in retaliation for requesting accommodations and exercising her rights under FMLA and Florida Workers' Compensation law.

26. Throughout Plaintiff employment she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times Plaintiff did perform her job at satisfactory or above-satisfactory levels.

27. Any reason proffered by Plaintiff employer for the adverse employment actions is mere pretext for unlawful discrimination.

28. Plaintiff has retained the undersigned counsel so that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Discrimination based on Race in Violation of the FCRA*

29. Plaintiff re-adopts and incorporates paragraphs 1-28 of this Complaint as if set out in full herein.

30. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's

employment, based upon racial classifications, national origin, racial considerations, or color-based reasons.

31. Plaintiff possessed the requisite qualifications and skills to perform the position for The Defendant.

32. Plaintiff was subjected to disparate treatment in the workplace, in that a similarly situated non-Black employees were allowed opportunities not given to Plaintiff due to Plaintiff's race.

33. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

34. Moreover, as a further result of the Defendant's unlawful discriminatory-based conduct, the Plaintiff has been compelled to file this action, and she has incurred the costs of litigation.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against The Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

   A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

   B. Award Plaintiff as to this count prejudgment interest; and

   C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

   D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

   E. Plaintiff demands a trial by jury.

**COUNT II**
***Discrimination Based on National Origin in Violation of the FCRA***

35. Plaintiff re-adopts and incorporates paragraphs 1-28 of this Complaint as if set out in full herein.

36. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Status Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

37. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action affecting the terms, conditions and privileges of one's employment, based upon national origin considerations or reasons.

38. Plaintiff is a member of a protected class under the FCRA.

39. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national origin-based animosity.

40. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff's national origin is Cuban.

41. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her national origin in the terms, conditions, and privileges of employment.

42. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

43. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

44. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

45. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action, and she has incurred the costs of litigation.

47. The representatives, and the Defendant's failure to make prompt remedial action to conduct of Defendant, by and through the conduct of its agents, employees, and/or prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State law.

48. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to State law, to punish the Defendant for its actions and to deter them, and others, from such action in the future.

49. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
### *Disability Discrimination in Violation of the FCRA*

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as is set out in full herein.

51. Plaintiff has a physical disability that substantially limits one or more major life activities and is thus a member of a protected class under the FCRA.

52. Plaintiff was regarded as having or know to have a disability by Defendant and Defendant's agents.

53. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

54. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a physical disability.

55. Plaintiff can and did perform the essential functions of her job with or without reasonable accommodation.

56. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

57. Defendant's discriminatory conduct was directly related to and because of Plaintiff's disability.

58. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

59. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

60. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

61. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

62. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling

Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

63. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I.   Grant Plaintiff a trial by jury.

J.   Grant such other and further relief as the Court deems just and proper.

### COUNT IV
#### *Failure to Accommodate in Violation of the FCRA*

64. Plaintiff re-adopts and incorporates paragraphs 1-28 of this Complaint as if set out in full herein.

65. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation.  Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

66. Defendant interfered or failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). Plaintiff s request was reasonable and would not have caused Defendant undue hardship.

67. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff s rights.

B.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees.

F.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Hostile Work Environment in Violation of the FCRA*

68. Plaintiff re-adopts and incorporates paragraphs 1-28 of this Complaint as if set out in full herein.

69. Defendant is an employer as that term is used under the applicable statutes referenced above.

70. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting her under the FCRA.

71. Plaintiff as a Black Cuban female with a disability, is within a protected class as envisioned by the FCRA.

72. During her employment with Defendant, Defendant subjected Plaintiff to unwelcome harassment.

73. The harassment Plaintiff endured by Plaintiff was predicated on Plaintiff being a Plaintiff as a female with a disability, is within a protected class as envisioned by the FCRA.

74. The harassment was decidedly severe, as Defendant had continuously harassed at Plaintiff for her psychological disability.

75. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as she continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately terminated.

76. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

77. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

78. These damages are continuing and are permanent.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## COUNT VI
### *Retaliation in Violation of the FCRA*

79. Plaintiff re-adopts and incorporates paragraphs 1-28 of this Complaint as if set out in full herein.

80. Defendant is an employer as that term is used under the applicable statutes referenced above.

81. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the FCRA.

82. The foregoing unlawful acts by Defendant were purposeful.

83. Plaintiff is a member of a protected class because she engaged in a statutorily protected activity and was the victim of retaliation thereafter. There is a causal connection between the engagement of the statutorily protected activity, Plaintiff's complaints with HR, and the adverse employment action taken thereafter.

84. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

85. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## COUNT VII
### *Interference With Rights Under The FMLA*

86. Plaintiff re-adopts and incorporates paragraphs 1-28 of this Complaint as if set out in full herein.

87. Plaintiff is an individual entitled to protection under the FMLA.

88. Plaintiff is an employee within the meaning of the FMLA.

89. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

90. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

91. Defendant's actions constitute violations of the FMLA.

92. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VIII
### *Retaliation Under The FMLA*

93. Plaintiff re-adopts and incorporates paragraphs 1-28 of this Complaint as if set out in full herein.

94. Plaintiff is an individual entitled to protection under the FMLA.

95. Plaintiff is an employee within the meaning of the FMLA.

96. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

97. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

98. Defendant's actions constitute a violation of the FMLA.

99. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: <u>July 31, 2025</u>                    Respectfully submitted,

/s/: <u>*Anthony M. Georges-Pierre*</u>
Anthony M. Georges-Pierre, Esq.
Fla. Bar No.: 0533637
***REMER, GEORGES-PIERRE, &***
***HOOGERWOERD, PLLC***
2745 Ponce de Leon Blvd
Coral Gables, FL 33134
(305) 416-5000- Telephone
**agp@rgph.law**